# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ESTEVEN GARCIA,
LOYDALE KIRVEN,
FREDERICK BACA,

    Plaintiffs,

vs.                                No. CV 19-00321 KG/SCY

CCS SOLUTIONS, NURSE KATIE,
CURRY COUNTY DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the "1983 tort claim" ("Complaint") filed by Plaintiffs Esteven Garcia, Loydale Kirven, and Frederick Baca on April 4, 2019 (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders and failure to prosecute.

### 1. **Plaintiff Esteven Garcia:**

The record reflects that certain mailings to Plaintiff Esteven Garcia were returned as undeliverable. (Doc. 4, 5, 7, 10, 11, 12, 16, 18). The Court also notes that mail to Plaintiff Garcia has been returned as undeliverable in two other cases in this Court, *Garcia v. Kendra LNU, et al.,* No. CV 19-00217 KG/KK, and *Garcia, et al., v. Santa Rosa Detention Center, et al.,* No. CV 19-00322 MV/KRS. The Court's research indicates that Plaintiff Garcia has been released from the Curry County Detention Center. It appears that Plaintiff has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on April 19, 2019, directing Plaintiff Garcia to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc.6). More than 30 days has elapsed since entry of the Order to Show Cause and Plaintiff Garcia has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Garcia has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's April 19, 2019, Order to Show Cause.

Plaintiff Garcia has failed to comply with the Court's Order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss Plaintiff Esteven Garcia's claims pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

2. **Plaintiff Loydale Kirven:**

Plaintiff Loydale Kirven has had at least three (3) prior cases dismissed on the grounds that they failed to state a claim upon which relief may be granted or were frivolous. *See Loydale Kirven v. Tory Sandoval,* No. CV 14-00209 LH/RHS (Doc. 3).[1] Plaintiff Kirven may no longer proceed *in forma pauperis* in this Court unless he is in imminent danger of serious physical injury. 28

---

[1] CM/ECF records indicate that Loydale Kirven has filed in excess of 16 civil cases in this District, none of which resulted in relief in his favor.

U.S.C. § 1915(g). As a consequence, on April 8, 2019, the Court ordered Kirven to pay the filing fee for this proceeding or demonstrate why he should be allowed to proceed based on the imminent danger exception to § 1915(g). (Doc. 2). Kirven's payment was due no later than May 8, 2019. (Doc. 2). Kirven did not pay the fee or file a response sufficient to meet the requirements of § 1915(g). Therefore, the Court issued an Order to Show Cause directing Kirven to show cause why his claims should not be dismissed under Fed. R. Civ. P. 41(b). (Doc. 14).

A prisoner who has accrued three strikes under § 1915(g) may only proceed by prepaying the full filing fee. The only exception to the prepayment requirement in § 1915(g) applies to a prisoner who "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet that exception, a prisoner is required to make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011). The language of the statute requires that the prisoner allege an imminent danger at the time he filed his complaint. *See Hafed*, 635 F.3d at 1179–80; *Andrews v. Cervantes,* 493 F.3d 1047, 1053–54 (9th Cir.2007); *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003); *Malik v. McGinnis,* 293 F.3d 559, 562–63 (2d Cir.2002); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir.2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir.1999); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir.1998); *Baños v. O'Guin,* 144 F.3d 883, 885 (5th Cir.1998) (per curiam). Moreover, the imminent danger of serious physical injury must arise from the alleged actions of the named defendants in the case. *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998).

Kirven did not pay the filing fee as ordered by the Court. Instead, Kirven submitted a "Memorandum Deficiency of Admission" (Doc. 15), and a response titled "The Kirven Shows" (Doc. 17). In his Memorandum and response, Kirven quotes the law requiring him to make specific, credible allegations of imminent physical danger. However, he makes no such

allegations. Instead, in his response, Kirven states "Plaintiff was admitted to PRMC which stem from defendants action which are stated in complaint" and attaches a copy of a hospital admission wrist band dated January 28, 2019 (Doc. 17 at 1-2 and Ex. 1). The allegations regarding Plaintiff Kirven in the Complaint, in their entirety, state, "Defendant denied Plaintiff on numerous times medication also defendant spoke of my medical history in front of officer." (Doc. 1 at 2). Plaintiff Kirven's allegations that, at some unspecified time in the past, he was denied medications and that his medical history was disclosed do not constitute credible allegations of imminent danger either at the time he filed his Complaint or at present. Further, his Motion is not signed under penalty of perjury or supported by any sworn factual allegations. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998). Lastly, the hospital wrist band attached as an exhibit to his response is dated three months prior to filing of his lawsuit and does not disclose any information tending to show that the hospitalization was in any way related to his incarceration or prison conditions. (Doc. 17). There is no allegation of or evidence showing imminent danger to Kirven as a result of actions of the Defendants. *Id.*

The filing fee for a § 1983 proceeding is $400.00. Federal statutes mandatorily require this Court to collect the filing fee. 28 U.S.C. § 1914(a) (The clerk of each district court ***shall require*** the parties instituting any civil action or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . . .) (emphasis added). The Court may permit a prisoner to proceed without prepayment of the fee, but only in compliance with the provisions of 28 U.S.C. § 1915. Plaintiff Kirven acknowledges that he has accrued three strikes under § 1915(g), but he asks the Court to allow him to proceed with this case without paying the fee. (Doc. 15, 17). However, the Court does not have discretion to allow a prisoner who has accrued three strikes to proceed without paying the filing fee. The three-strike rule of § 1915(g) states:

4

> ***In no event shall a prisoner bring a civil action*** or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g) (emphasis added). The language of § 1915(g), "[I]n no event shall a prisoner bring a civil action" is non-discretionary and precludes this Court from allowing Plaintiff Kirven to proceed without paying the filing fee. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011); *White v. Colorado,* 157 F.3d at 1231-32. Plaintiff Kirven has not paid the filing fee for this case and has not shown cause why the case should not be dismissed based on his failure to comply with the statutes and Court orders. Therefore, the Court will dismiss this proceeding without prejudice under Fed. R. Civ. P. 41(b), for failure to comply with Court orders and failure to prosecute the case. *See Olsen v. Mapes,* 333 F.3d at 1204, n. 3.

   3. **Plaintiff Frederick Baca:**

Plaintiff Frederick Baca and co-plaintiffs Garcia and Kirven, filed this civil rights proceeding under 42 U.S.C. § 1983. (Doc. 1). Plaintiff Baca did not pay the $400.00 filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On April 8, 2019, the Court ordered Plaintiff to cure this deficiency within 30 days by either paying the $400.00 filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 2). The Order advised Plaintiff that the Court could dismiss this proceeding without further notice if he failed to cure the deficiency within the 30-day time period. (Doc. 2 at 1). The Court also sent Plaintiff Baca the forms for submitting an application under § 1915. (Doc. 2 at 2).

More than 30 days has elapsed and Plaintiff did not pay the $400 filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's April 8, 2019, Order. Therefore, the Court entered an Order to Show Cause on May 16, 2019, directing Plaintiff Baca to

show cause within 21 days why his claims should not be dismissed under Fed. R. Civ. P. 41(b). (Doc. 13). Plaintiff Baca's response to the Order to Show Cause was due no later than June 6, 2019, and Plaintiff Baca has failed to respond to the Order or otherwise communicate with the Court. Therefore, the Court will also dismiss Plaintiff Baca's claims without prejudice under Fed. R. Civ. P. 41(b), for failure to comply with the Court's orders and for failure to prosecute. *Olsen v. Mapes,* 333 F.3d at 1204, n. 3.

**IT IS ORDERED** that the §1983 tort claim Complaint filed by Plaintiffs Esteven Garcia, Loydale Kirven, and Frederick Baca (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b), for failure to comply with the Court's Orders and for failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE